**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Mothershead, | No. CV07-1508-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et. al., | |
| Defendants. | |

On April 3, 2003, Defendant Lindsay Ellis, who was then serving as a Maricopa County Superior Court Commissioner *pro tem*, appointed a guardian and conservator for Plaintiff Robert Mothershead. Plaintiff has now sued Defendant Ellis in this Court, alleging that the appointment violated his constitutional rights, caused him economic harm, and entitles him to punitive damages. Dkt. #1.

Defendant Ellis has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt #4. Defendant Ellis argues that she is absolutely immune from liability for actions she took as a judicial officer, that the Eleventh Amendment deprives the Court of jurisdiction to hear a case against a state officer acting in her official capacity, and that this Court should abstain from interfering in ongoing state proceedings.

Federal law grants absolute immunity to judges acting in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872)). Arizona common law and statutory law also grant immunity to judges for judicial acts. *Acevedo v. Pima County Adult Prob. Dept.*, 690 P.2d 38, 40 (Ariz. 1984); *Lavit*

1  *v. Superior Court in and for County of Maricopa*, 839 P.2d 1141, 1144 (Ariz. Ct. App.
2  1992); A.R.S. § 12-820.02(A)(1).

3        The parties do not dispute that a superior court commissioner is a judge under Arizona
4  law. In this case, Defendant Ellis served as a commissioner *pro tem* pursuant to an order
5  issued by the presiding civil judge of the Maricopa County Superior Court. Dkt. #1, ¶ 6.
6  Plaintiff acknowledges that Commissioner Ellis was acting as a judge in his case. *Id*.[1]

7        Plaintiff acknowledges the doctrine of judicial immunity, but argues that it should not
8  apply in this case because he has alleged extreme violations of his constitutional rights.[2]
9  Judicial immunity applies, however, even in extreme cases – even when a judicial officer is
10 accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1961);
11 *Acevedo*, 690 P.2d at 40 (citing *Bradley*, 80 U.S. (13 Wall.) at 347).

12       Plaintiff also asserts that the doctrine of judicial immunity should be regarded as the
13 exception, not the rule, and should be construed narrowly. The authority cited by Plaintiff,
14 however, concerns municipal immunity, not judicial immunity. *See Galati v. Lake Havasu*
15 *City*, 920 P.2d 11 (Ariz. Ct. App. 1996). Absolute judicial immunity has long been
16 recognized as essential to the functioning of an independent judiciary. The doctrine is "not
17 for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public,
18 whose interest it is that the judges should be at liberty to exercise their functions with

---

[1] Defendant Ellis would be entitled to judicial immunity even if a commissioner *pro tem* could somehow be viewed as not an official judge. Judicial immunity protects persons whose functions "amount to 'an integral part of the judicial process.'" *Acevedo*, 690 P.2d at 40 (quoting *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965)). Three factors determine whether a person's conduct is integral to the judicial process: (1) whether the conduct was ordered by a court, (2) whether the conduct closely related to the judicial process, and (3) whether the conduct impacts a court decision. *Lavit*, 839 P.2d at 1145. All three factors are satisfied in this case. Defendant Ellis's conduct was ordered by the presiding judge; her work was closely related to the judicial process; and Defendant Ellis did more than merely impact a court decision, she made a court decision.

[2] The Court does not address the merits of Plaintiff's claim that Defendant Ellis violated his constitutional rights.

1  independence and without fear of consequences." *Pierson*, 386 U.S. at 554 (quotation marks
2  and citation omitted).

3        Defendant Ellis clearly is entitled to judicial immunity in this case. Because her
4  motion to dismiss will be granted on this basis, the Court need not address her Eleventh
5  Amendment and abstention arguments.

6        **IT IS ORDERED** that Defendant Ellis's Motion to Dismiss (Dkt. #4) is **granted**.
7        DATED this 10th day of October, 2007.

_____
David G. Campbell
United States District Judge